# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2020

Lyle W. Cayce
Clerk

No. 19-30457

DEBORAH MCCAULEY, provisional tutor on behalf of minor children L. N. M., V. A. M., and K. V. M., and on behalf of Charles Marcus McCauley,

> Plaintiff - Appellant

v.

CENTENARY COLLEGE OF LOUISIANA; EDDIE WALKER, individually and in his official capacity; ALVIN E. BUSH, individually and in his official capacity; HEATHER BOUCHER, individually and in her official capacity,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana

Before KING, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Campus police officers on the grounds of Centenary College shot and killed Charles Marcus McCauley. Marcus was survived by three minor children and his ex-wife Jennifer Spears. Deborah McCauley, Marcus's mother, tries to bring this wrongful death suit on behalf of Marcus's children

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30457

in federal court but she lacks a cause of action under the state statute. We affirm.

Deborah lacks standing because Louisiana law reserves the wrongful death action for the children or spouse of the deceased. LA. CIV. CODE ANN. art. 2315.1. The children are minors, so they need a tutor to bring a suit on their behalf. LA. CIV. CODE ANN. art. 683(A), (C). But Louisiana law dictates that the natural tutor for minor children is a surviving parent—in this case, Spears. LA. CIV. CODE art. 250. Defendants sought and received an affidavit from Spears saying that she did not know about this lawsuit—and would not authorize a suit even if she had been asked. As Spears is the lawful tutor for the children, Deborah lacks capacity to bring claims on their behalf.

On appeal, Deborah points to no statute, provision, or decision in our circuit that grants her the ability to bring suit under the wrongful death statute. She instead raises a new argument that the district court should appoint her the children's representative under Rule 17. FED. R. CIV. P. 17(c). But this argument is forfeited. Deborah did not file a timely motion to be appointed as next friend under Rule 17. Instead, she raised the argument for the first time in her opposition to Defendants' motion for summary judgment. In addition, there is no legal authority for this claim, so the district court correctly rejected it.

Spears refused to provide her address and the address of her children to the mother of her ex-husband. In her affidavit, Spears claimed that her ex-husband Marcus was violent and delusional—and that she wants nothing to do with this lawsuit. The district court found Louisiana law gives her the sole right to pursue the wrongful death claim on her children's behalf. We affirm.